UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSALIND MARTINEZ, | Case No. 2:15-CV-2013 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SAM'S WEST, INC. et al., | |
| Defendant(s). | |

Presently before the court is defendants Sam's West, Inc. and Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for summary judgment. (ECF No. 32). Plaintiff filed a response (ECF No. 35), and defendants filed a reply (ECF No. 37).

**I.    Introduction**

On May 6, 2015, plaintiff filed the present case in Nevada state court, alleging claims against defendants for negligence and premises liability in relation to a slip-and-fall occurring in a Sam's Club store due to a clear puddle located at a checkout counter. (ECF No. 1-1). On October 19, 2015, Wal-Mart Stores, Inc. filed a petition for removal to this court.[1] (ECF No. 1). On August 4, 2016, defendants filed the present motion. (ECF No. 32).

In their motion for summary judgment, defendants argue that plaintiff cannot succeed on her claim for negligence based on premises liability because she cannot show breach of duty for a lack of actual or constructive notice of any hazardous condition. (*Id.*). Particularly, defendants assert that there is no evidence that defendants' employees created the harmful condition or that the condition had been present for an unreasonable amount of time. (*Id.*).

---

[1] Wal-Mart indicates that plaintiff's request for exemption from arbitration, received September 25, 2015, was "the first paper from which removability could be reasonably ascertained." (ECF No. 1 at 2).

**James C. Mahan**
**U.S. District Judge**

Further, defendants argue that the store manager who interacted with plaintiff after the incident had no foundation for making any probative statement about the presence of the clear liquid. (*Id.*). That manager believed that the substance forming the puddle was from a rotisserie chicken container; the records for that checkout register indicated that the prior customer at that register had indeed purchased a rotisserie chicken. *See* (ECF Nos. 32, 32-1, 32-4). Defendants additionally suggest that there is no evidence on the record that any employee knew about the puddle before the incident and that seven minutes is an insufficient duration of time to impose constructive notice. (ECF No. 32).

Plaintiff responded, contesting that the length of time the puddle had been on the floor and its origin were questions proper for jury determination; a failure to inspect the ground in front of a checkout counter for seven minutes was unreasonable; and *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (1993), controls because constructive notice is a question for the jury and the checkout area was one of "continuous risk." (ECF No. 35 at 9–11).

Defendants replied, arguing that *Sprague* is factually distinguishable from the instant case and that plaintiff's assertions regarding the origin of the puddle or its length of existence were mere speculation and not sufficient to defeat a motion for summary judgment. (ECF No. 37).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480

**James C. Mahan**
**U.S. District Judge**

- 2 -

(9th Cir. 2000).  Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.    Discussion

To prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.  *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011) (citing *Sanchez v. Wal–Mart Stores*, 221 P.3d 1276, 1280 (Nev. 2009)).

Although Nevada case law indicates that courts may be wary of granting motions for summary judgment in a negligence action because of the importance of questions of fact, "summary judgment is proper when the plaintiff cannot recover as a matter of law," such as the successful refutation of an element of plaintiff's claim.  *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012).

> Where a foreign substance causing a slip and fall is made to be on the floor by the business owner or one of its agents, then liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. Traditionally, where a foreign substance causing a slip and fall results from the actions of persons

James C. Mahan
U.S. District Judge

other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it.

*FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (quotation marks and citation omitted). While a property owner or occupant is not required to act as an insurer for visitors, a business has "a duty to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322.

    a. *Defendants' initial burden under summary judgment*

This court finds that defendants have satisfied their initial burden by providing evidence that plaintiff has not shown actual or constructive notice in this case. *Celotex Corp.*, 477 U.S. at 323–24.

First, there is no evidence on the record that defendants or their employees knew of the puddle on the floor. Defendant's manager, Ms. Snyder, has made no admission of knowledge of the puddle from her statement of disbelief of missing the spill because her sworn declaration indicates that she initially had no knowledge of where the puddle was from or whether "any Sam's Club employee had an opportunity to spot the spill by visual inspection." (ECF No. 32-1 at 3)); *see also JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony."); Fed. R. Evid. 602.

Next, defendants have provided evidence indicating the source of the puddle and the time it was on the ground in the checkout lane. (ECF No. 32). Ms. Snyder believed that "[t]he substance appeared . . . to be a mixture of grease and water" from rotisserie chickens sold at the store. (ECF No. 32-1 at 2); *see also* (ECF No. 32-4). Notably, plaintiff agrees with the characterization of the puddle composition as "oil": "That's when [Ms. Snyder] showed me it was oil." (ECF No. 32-7 at 19). Furthermore, the sales records from the register of that checkout lane indicate that the customer using that lane prior to plaintiff had purchased a rotisserie chicken roughly seven minutes before the incident. (ECF Nos. 32-1, 32-5); *see also* (ECF No. 32) (collecting cases discussing different lengths of time a hazard was on the floor of a business establishment).

Thus, defendants have produced evidence attacking the notice requirement of plaintiff's claims. The court now examines whether plaintiff has produced a genuine dispute of material fact. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

**James C. Mahan**
**U.S. District Judge**

- 4 -

   b. *Genuine dispute of material fact*

First, *Sprague* is factually distinguishable from the instant case. In that case, the Nevada Supreme Court reasoned:

> Based on the deposition testimony presented to the district court, a reasonable jury could have found that [defendant] knew that produce was frequently on the floor, that this produce created a hazard to shoppers, and that sweeping the floor could not wholly keep the floor free of debris. A reasonable jury could have determined that the virtually continual debris on the produce department floor put [defendant] on constructive notice that, at any time, a hazardous condition might exist which would result in an injury to [defendant's] customers.

*Sprague*, 849 P.2d at 323; *see also Forrest v. Costco Wholesale Corp.*, No. 2:15-cv-00843-RFB-CWH, 2016 WL 5402200, at *4 (D. Nev. Sept. 26, 2016) (declining to apply *Sprague* due to a lack of similar evidence on the record).

Here, plaintiff endeavors to analogize the facts of the instant case to those in *Sprague* by arguing that the checkout line was a place of "continuous risk." (ECF No. 35 at 11). This analogy is unpersuasive because there is no evidence on the record suggesting that the checkout area was subject to "virtually continual debris" or that defendants "knew that produce was frequently on the floor" at that location in the store. *Sprague*, 849 P.2d at 323. Therefore, *Sprague*'s implication that the question of constructive notice must be determined by a jury does not extend to this case. *Id.*

Next, plaintiff submits that there is a genuine question of material fact as to the identity of the liquid at issue and the duration of time the puddle was in the checkout lane. (ECF No. 35). Particularly, plaintiff discusses the photograph of the puddle, stating that the puddle was smeared and that there were dark marks next to the liquid. (*Id.*); *see also* (ECF No. 32-3). From this, plaintiff asserts, a jury could find that the liquid was present for a greater duration of time than that indicated by defendants; therefore, there is a triable issue of fact regarding constructive notice. (*Id.*).

This court finds that plaintiff either points to no evidence on the record supporting its assertion or that its interpretation of the evidence is speculative. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). ("A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may

**James C. Mahan**
**U.S. District Judge**

not resort to speculation."). Therefore, plaintiff has not overcome its burden to show a genuine dispute of material fact regarding notice. Thus, defendants' motion is meritorious.

### IV. Conclusion

Defendants' evidence that the puddle allegedly causing plaintiff's harm was produced by spillage from a rotisserie chicken about seven minutes before plaintiff approached the checkout counter satisfied their initial burden on summary judgment by producing evidence that there was no notice of the alleged hazard. Subsequently, plaintiff was unable to show a genuine dispute of material fact as to the same.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (ECF No. 32) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED February 17, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -